UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SUSAN LEE,

                                              Plaintiff,

                    -against-

THE CITY OF NEW YORK and P.O.s JOHN DOE #1 and #2, individually and in their official capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                                                Defendants.

------------------------------------------------------------------X

cv 12 - 1510

COMPLAINT

**JURY TRIAL DEMANDED**

GLEESON, J
REYES, M.J

      Plaintiff SUSAN LEE, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

      4.     Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff SUSAN LEE is an Asian-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN DOE #1 and #2 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On November 28, 2010, at approximately 4:00 a.m., plaintiff SUSAN LEE was lawfully present in a taxi in the vicinity of Queens Boulevard and 69th Street, in the County of Queens, in the City, and State of New York.

14. At aforesaid time and place, plaintiff SUSAN LEE realized that she had lost her purse and was unable to pay the fare.

15. Plaintiff SUSAN LEE requested that the driver wait outside her residence while she went in to get money to pay the fare.

16. Instead, the driver summoned the police.

17. When defendants P.O.s JOHN DOE #1 and #2 arrived, plaintiff SUSAN LEE explained the situation to them and reiterated her request that she be allowed to go inside and retrieve money for the fare.

18. Instead, defendants placed plaintiff SUSAN LEE under arrest despite defendant's knowledge that they lacked probable cause to do so.

19. Members of the New York City Police Department have a custom and practice of arresting law-abiding citizens on pretextual charges in order to satisfy arrest quotas.

20. The existence of the aforesaid custom and practice may be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals," from the information about

quotas provided by police officers Adrian Schoolcraft and Adil Polanco, and from audiotapes secretly recorded at the 81st Precinct in September 2010.

21. Defendants transported plaintiff SUSAN LEE to a precinct of the New York City Police Department in Long Island City, New York, and from there to Queens Central Booking.

22. At the precinct, defendants deliberately handcuffed plaintiff SUSAN LEE improperly to a cell with her arm raised above her head, causing contusions and abrasions to her wrist that lasted for approximately a week and a half.

23. Plaintiff SUSAN LEE was held and detained in custody for approximately sixteen hours.

24. At her arraignment, plaintiff SUSAN LEE accepted an Adjournment in Contemplation of Dismissal.

25. As a result of the foregoing, plaintiff SUSAN LEE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff SUSAN LEE of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. As a result of the aforesaid conduct by defendants, plaintiff SUSAN LEE was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

34. As a result of the foregoing, plaintiff SUSAN LEE's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff SUSAN LEE's constitutional rights.

37. As a result of the aforementioned conduct of defendants, plaintiff SUSAN LEE was subjected to excessive force and sustained physical injuries.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants issued legal process to place plaintiff SUSAN LEE under arrest.

40. Defendants arrested plaintiff SUSAN LEE in order to obtain a collateral objective outside the legitimate ends of the legal process.

41. Defendants acted with intent to do harm to plaintiff SUSAN LEE without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants arrested and incarcerated plaintiff SUSAN LEE in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

46. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, arresting law-abiding citizens on pretextual charges in order to satisfy arrest quotas.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff SUSAN LEE.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SUSAN LEE as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff SUSAN LEE as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff SUSAN LEE was falsely arrested and incarcerated.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff SUSAN LEE.

52. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff SUSAN LEE's constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiff SUSAN LEE of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon her;

    D. To be free from malicious abuse of process;

    E. Not to have cruel and unusual punishment imposed upon her; and

    F. To receive equal protection under the law.

54. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendant in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff SUSAN LEE demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
          March 26, 2012

*/s/ Rose M. Weber*
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1607
New York, NY 10007
(212) 748-3355